TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2014-SC-000257-KB

RICHARD CLAYTON MASTERSON                                                    MOVANT

V.                                    IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                          RESPONDENT

## OPINION AND ORDER

Richard Clayton Masterson[1] admits that he engaged in professional misconduct by violating various ethical rules in his representation of two clients. He now moves this Court, pursuant to SCR 3.480(2),[2] to impose public discipline in the form of a 181 day suspension with thirty days to serve and 151 days probated for two years upon the conditions set forth in this opinion and order. The KBA does not object to the motion, and the Court determines that the proposed sanction is appropriate.

### I. KBA FILE NO. 19506

In September 2010 Movant failed to appear in Jefferson Family Court at a scheduled hearing on opposing counsel's motion to set a trial date. The family court indicated to opposing counsel that Movant had not filed an Answer

---

[1] KBA Member No. 90569; bar roster address, 1062 Reasor Ave., Louisville, Ky., 40217. Movant was admitted to the practice of law April 22, 2005.

[2] Permitting this Court to consider any proposed negotiated sanction agreed to by members and the KBA.

in the case, whereupon opposing counsel produced an Answer she had received signed by Movant which contained a notarized signature purportedly belonging to Movant's client. In the Movant's absence a trial date was scheduled and a hearing order was sent to Movant.

After receiving the trial court's hearing order Movant formerly filed an original Answer in the matter. Unlike the Answer previously sent to opposing counsel, that document did not contain the client's signature; rather, the signature line was blank. Nevertheless, the Answer filed by Movant still contained the signature of a notary and the same date as the copy earlier provided to opposing counsel.

Pursuant to the family court's scheduling order Movant was to appear for trial on January 12, 2011. In the meantime Movant was advised by his client the she was attempting to retain other counsel, but she did not. Ultimately, Movant failed to file the necessary pretrial compliance with the family court, and failed to appear at the scheduled January 12 proceeding.

At the January 12 proceeding opposing counsel informed the court that she had been unable to contact Movant throughout the pendency of the case. Similarly, Movant's client notified the court that she had telephoned Movant immediately before entering the court room and that Movant had informed her the he was held up but would try to appear; the client expected Movant to appear before the court. Movant, however, did not appear at the hearing. Upon questioning the client denied signing the Answer filed by Movant, but stated that she had given Movant permission over the telephone to sign the

2

document for her. Movant admits that it was his common practice to have documents notarized prior to obtaining the required signature when clients were not available. He would later have those documents signed by the client, or else Movant himself would sign the client's signature with permission from the client.

Because of Movant's failure to appear at the January 12 proceeding, the family court sent notice for Movant to appear at the next motion hour to show cause why he should not be held in contempt for failing to appear at the scheduled hearing. Movant, however, likewise failed to appear at the show cause hearing.

As a result of the above conduct the Inquiry Commission charged Movant with having violated SCR 3.130-1.1[3] by filing the Answer on behalf of his client while asserting that it was properly notarized when it was not, and for his common practice of having documents notarized without the proper signature; SCR 3.130-1.3[4] by failing to diligently represent his client when he missed several scheduled court appearances; SCR 3.130-1.4(a)(4)[5] by failing to adequately respond to requests for information from the client regarding his representation of her and regarding Movant's participation in, and attendance

---

[3] "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[4] "A lawyer shall act with reasonable diligence and promptness in representing a client."

[5] "A lawyer shall: . . . (4 )promptly comply with reasonable requests for information[.]"

at, the court proceedings; SCR 3.130-3.3(a)(1)[6] by filing an answer with the family court on behalf of his client purporting to be properly notarized when, in fact, it was not signed by the client; SCR 3.130-3.4(c)[7] by failing to respond to the family court's show cause orders; and SCR 3.130-8.4(c)[8] by filing his answer on behalf of his client asserting that it was properly notarized, and providing that answer to opposing counsel when, in fact, it had not been signed by the client.

## II. KBA FILE NO. 19558

Mary Ann Tompkins was involved in a serious car accident and hired Movant to represent her regarding her personal injury claim. Movant and Tompkins entered into a contingency fee contract by which Movant would receive thirty percent of any settlement, or one-third if the matter went to trial.

Movant never sent a demand letter on behalf of his client, but nevertheless informed his client and/or her husband that a demand letter was sent to Progressive Insurance Company.

Movant was thereafter terminated by Ms. Tompkins, whereupon the client requested her client file. Movant also received at least one telephone call and one email from Ms. Tompkin's new attorney, Caroline Kaufman, requesting

---

[6] "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]"

[7] "A lawyer shall not: . . . (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]"

[8] "It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

the client file. Movant responded by email in which he stated to Ms. Kaufman that he would return the file. After making multiple additional requests Ms. Kaufman eventually received the client file from Movant over two months after the original request.

As a result of the above conduct the Inquiry Commission charged Movant with having violated SCR 3.130-1.4(a)(4)[9] by failing to respond to requests for information from his client; SCR 3.130-1.4(b)[10] by failing to explain the proper status of the matter to his client in order for her to make informed decisions; SCR 3.130-1.16(d)[11] by failing to surrender the client file upon termination of the representation; and SCR 3.130-8.4(c)[12] by misrepresenting to his client that a demand letter had been mailed to the insurance company when, in fact, he knew a demand letter had not been sent.

### III. ORDER

Movant has admitted professional misconduct by violating the cited Kentucky Supreme Court Rules for each Charge issued by the Inquiry Commission in this matter as set forth above. Under SCR 3.480(2), Movant

---

[9] "A lawyer shall: . . . promptly comply with reasonable requests for information[.]"

[10] "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[11] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

[12] It is professional misconduct for a lawyer to: . . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

and the KBA have further agreed to the imposition of discipline and now ask this Court to impose the agreed upon sanction.

After reviewing the record, the standards, and other relevant authorities, this Court concludes that the discipline proposed by Movant, and agreed to by the KBA, is adequate. Accordingly, the Court **ORDERS**:

1. Movant, Richard Clayton Masterson, KBA Member No. 90569, is guilty of all charges alleged in KBA File Nos. 19506 and 19558;

2. Movant is suspended from the practice of law for a period of 181 days, effective as of the tenth day following entry of this Order pursuant to SCR 3.390(a), with all but thirty days of the suspension probated for a period of two years, on the condition that Movant: (a) must not receive any further disciplinary charges for two years; (b) must attend and successfully complete, at his own expense, within twelve months of the date of the entry of this order, the Ethics and Professionalism Enhancement Program offered by the Office of Bar Counsel (OBC), separate and apart from his fulfillment of any continuing legal education requirement; (c) Movant will not be allowed to apply for CLE credit of any kind for this program and must furnish a release and waiver to the OBC to allow the OBC to verify he has not reported any such hours to the CLE Commission; and (d) Movant will furnish a release and waiver to OBC to review his records of the CLE Department that might otherwise be confidential, with such release to continue in effect until after he completes his remedial education;

3. If Movant fails to comply with any of the terms of discipline as set forth in this order, upon the OBC's motion, the Court will impose the remaining 151–day period of suspension, which will result in a total suspension of 181 days and require client notification under SCR 3.390(b), and Movant will be referred to the Character and Fitness Committee pursuant to SCR 3.510(3); and

4. In accordance with SCR 3.450, Movant must pay $197.03, the cost associated with this proceeding, for which execution may issue from this Court upon finality of this order.

All sitting. All concur.

ENTERED: June 19, 2014.

CHIEF JUSTICE